Eugene P. Ramirez (State Bar No. 134865)
  epr@manningllp.com
Kayleigh Andersen (State Bar No. 306442)
  kaa@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor,
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF
RIVERSIDE; YASH PATEL; JOSHUA
FANUEFF; FLORIN BLAJ; KEILA
MENDEZ; and JASON CORTEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCESS ROBINSON, individually and as successor in interest to Robert Robinson, deceased,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE; YASH PATEL; JOSHUA FANUEFF; FLORIN BLAJ; and DOES 1-10, Inclusive,<br><br>Defendant. | Case No. 5:23-cv-00799-JAK-KK<br><br>**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**<br>**[NOTE CHANGES BY COURT]**<br><br>*Action Filed:      05/04/2023* |

**TO THE HONORABLE COURT:**

By and through their counsel of record in this action, plaintiff PRINCESS ROBINSON, individually and as successor in interest to Robert Robinson, decreased ("Plaintiff") and defendants COUNTY OF RIVERSIDE; YASH PATEL; JOSHUA FANUEFF; FLORIN BLAJ; KEILA MENDEZ; and JASON CORTEZ ("Defendants") – the parties – hereby stipulate for the purpose of jointly requesting that the honorable Court enter a protective order re confidential documents in this matter [and pursuant to Fed. R. Civ. P. 5.2, 7, and 26; and any applicable Orders of

1    the Court] – as follows:

2                    **GOOD CAUSE STATEMENT**

3    **1.**    **GOOD CAUSE STATEMENT**.

4    1.1.    <u>Contentions re Harm from Disclosure of Confidential Materials</u>.

5         Defendants contend that there is good cause and a particularized need for a

6    protective order to preserve the interests of confidentiality and privacy in peace officer

7    personnel file records and associated investigative or confidential records for the

8    following reasons.

9         First, Defendants contend that peace officers have a federal privilege of privacy

10   in their personnel file records: a reasonable expectation of privacy therein that is

11   underscored, specified, and arguably heightened by the *Pitchess* protective procedure

12   of California law.  *See Sanchez v. Santa Ana Police Dept.*, 936 F.2d 1027, 1033-1034

13   (9th Cir. 1990); *Hallon v. City of Stockton*, 2012 U.S. Dist. LEXIS 14665, *2-3, 12-

14   13 (E.D. Cal. 2012) (concluding that "while "[f]ederal law applies to privilege based

15   discovery disputes involving federal claims," the "state privilege law which is

16   consistent with its federal equivalent significantly assists in applying [federal]

17   privilege law to discovery disputes"); *Soto v. City of Concord*, 162 F.R.D. 603, 613

18   n. 4, 616 (N.D. Cal. 1995) (peace officers have constitutionally-based "privacy rights

19   [that] are not inconsequential" in their police personnel records); *cf*. Cal. Penal Code

20   §§ 832.7, 832.8; Cal. Evid. Code §§ 1040-1047.  Defendants further contend that

21   uncontrolled disclosure of such personnel file information can **threaten the safety of**

22   **non-party witnesses, officers, and their families/associates**.

23        Second, Defendants contend that municipalities and law enforcement agencies

24   have federal deliberative-executive process privilege, federal official information

25   privilege, federal law enforcement privilege, and federal attorney-client privilege

26   (and/or attorney work product protection) interests in the personnel files of their peace

27   officers – particularly as to those portions of peace officer personnel files that contain

28   critical self-analysis, internal deliberation/decision-making or evaluation/analysis, or

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

communications for the purposes of obtaining or rendering legal advice or analysis – potentially including but not limited to evaluative/analytical portions of Internal Affairs type records or reports, evaluative/analytical portions of supervisory records or reports, and/or reports prepared at the direction of counsel, or for the purpose of obtaining or rendering legal advice. *See Sanchez*, 936 F.2d at 1033-1034; *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1089, 1092-1095 (9th Cir. 1997); *Soto*, 162 F.R.D. at 613, 613 n. 4; *Kelly v. City of San Jose*, 114 F.R.D. 654, 668-671 (N.D. Cal. 1987); *Tuite v. Henry*, 181 F.R.D. 175, 176-177 (D. D.C. 1998); *Hamstreet v. Duncan*, 2007 U.S. Dist. LEXIS 89702 (D. Or. 2007); *Admiral Ins. Co. v. United States Dist. Ct.*, 881 F.2d 1486, 1492, 1495 (9th Cir. 1988). Defendants further contend that such personnel file records are restricted from disclosure by the public entity's custodian of records pursuant to applicable California law and that **uncontrolled release is likely to result in needless intrusion of officer privacy; impairment in the collection of third-party witness information and statements and related legitimate law enforcement investigations/interests; and a chilling of open and honest discussion regarding and/or investigation into alleged misconduct that can erode a public entity's ability to identify and/or implement any remedial measures that may be required**.

Third, Defendants contend that, since peace officers do not have the same rights as other private citizens to avoid giving compelled statements, it is contrary to the fundamental principles of fairness to permit uncontrolled release of officers' compelled statements. *See generally Lybarger v. City of Los Angeles*, 40 Cal.3d 822, 828-830 (1985); *cf.* U.S. Const., amend V.

Accordingly, Defendants contend that, without a protective order preventing such, production of confidential records in the case can and will likely substantially impair and harm defendant public entity's interests in candid self-critical analysis, frank internal deliberations, obtaining candid information from witnesses, preserving the safety of witnesses, preserving the safety of peace officers and peace officers'

families and associates, protecting the privacy officers of peace officers, and preventing pending investigations from being detrimentally undermined by publication of private, sensitive, or confidential information – as can and often does result in litigation.

Plaintiffs agree that there is Good Cause for a Protective Order so as to preserve the respective interests of the parties without the need to further burden the Court with such issues.  Specifically, the parties jointly contend that, absent this Stipulation and its associated Protective Order, the parties' respective privilege interests may be impaired or harmed, and that this Stipulation and its associated Protective Order may avoid such harm by permitting the parties to facilitate discovery with reduced risk that privileged and/or sensitive/confidential information will become matters of public record.

1.2.    The parties jointly contend that there is typically a particularized need for protection as to any medical or psychotherapeutic records and autopsy photographs, because of the privacy interests at stake therein.  Because of these sensitive interests, a Court Order should address these documents rather than a private agreement between the parties.

1.3.    The parties therefore stipulate that there is Good Cause for, and hereby jointly request that the honorable Court issue/enter, a Protective Order re confidential documents consistent with the terms and provisions of this Stipulation.  However, the entry of a Protective Order by the Court pursuant to this Stipulation shall not be construed as any ruling by the Court on the aforementioned legal statements or privilege claims in this section (§ 1), nor shall this section be construed as part of any such Court Order.

### A.    PURPOSES AND LIMITATIONS.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending

this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulation and an associated Order.

The parties acknowledge that this Stipulation and associated Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the specified information or items that are entitled to treatment as confidential.

The parties further acknowledge, as set forth below, that this Stipulation and Order creates no entitlement to file confidential information under seal; Central District Local Rules 79-5.1 and 79-5.2 set(s) forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

Nothing in this Stipulation or associated Order shall be construed so as to require or mandate that any Party disclose or produce privileged information or records that could be designated as Confidential Documents/Protected Material hereunder.

**2.     DEFINITIONS**.

2.1.   Party:  any party to this action, including all of its officers, directors, employees, agents, consultants, retained experts, house counsel and outside counsel (and/or the support staff thereof).

2.2.   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced – or generated in disclosures or responses to discovery – by any Party in this matter.

2.3.   "Confidential" Information or Items:  information (regardless of the medium or how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c) and/or applicable federal privileges.  This material includes, but is not limited to, medical records, psychotherapeutic records, and autopsy photographs; as well as

peace officer personnel records as defined by California Penal Code sections 832.8, 832.5, 832.7 and the associated case law; and other similar confidential records designated as such.

2.4.    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party, including a Party that has noticed or subpoenaed and is taking a deposition or comparable testimony.

2.5.    Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action, including a Party that is defending a deposition noticed or subpoenaed by another Party; additionally, for the limited purpose of designating testimony subject to this Stipulation and Order pursuant to section 6.2(b) (*infra*), a "Producing Party" shall also be construed to include a Party that is attending and/or participating in a non-party deposition noticed/subpoenaed by another Party.

2.6.    Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7.    Challenging Party:  a Party or non-party that challenges the designation of information or items under this Stipulation and any associated Protective Order.

2.8.    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" under the provisions of this Stipulation and Protective Order.  (The term "Confidential Document" shall be synonymous with the term "Protected Material" for the purposes of this Stipulation and any associated Protective Order.)

2.9.    Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staffs).

2.10.    House Counsel:  attorneys who are employees of a Party (as well as their support staffs).

2.11.    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

2.12.  <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.13.  <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's; as well as any person retained, designated, or disclosed by a Party as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2) or other applicable discovery Rules or statutes.

2.13.  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; and/or organizing, storing, retrieving data in any form or medium; etc.); and their employees and subcontractors.

**3.    SCOPE OF PROTECTION.**

The protections conferred by this Stipulation and its associated Order cover not only Protected Material/Confidential Documents (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and its associated Order do *not* cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial or other court hearings or proceedings shall be governed by the Orders of the trial judge, and the Stipulated Protective Order does not govern the use of Protected Material at trial.

**4.     DURATION OF PROTECTION**.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, until a court order otherwise directs, or until a given piece of information or material designated as "CONFIDENTIAL" is admitted into evidence at trial.

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATION OF PROTECTED MATERIAL/CONFIDENTIAL DOCUMENTS**.

5.1.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or non-party that designates information or items for protection under this Stipulation and its associated Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to

1    sanctions.

2    If it comes to a Designating Party's or a Non-Party's attention that information

3    or items that it designated for protection do not qualify for protection at all, or do not

4    qualify for the level of protection initially asserted, that Designating Party or Non-

5    Party must promptly notify all other Parties that it is withdrawing the mistaken

6    designation.

7    5.2.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

8    this Order, or as otherwise stipulated or ordered, material that qualifies for protection

9    under this Order must be clearly so designated before the material is disclosed or

10   produced.

11   Designation in conformity with this Order requires:

12   (a)   <u>for information in documentary form</u> (apart from transcripts of

13   depositions or other pretrial or trial proceedings, and regardless of whether produced

14   in hardcopy or electronic form), that the Producing Party affix the legend

15   "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion

16   or portions of the material on a page qualifies for protection, the Producing Party also

17   must clearly identify the protected portion(s) (e.g., by making appropriate markings

18   in the margins) and must specify, for each portion that it is "CONFIDENTIAL."  The

19   placement of such "CONFIDENTIAL" stamp on such page(s) shall not obstruct the

20   substance of the page's (or pages') text or content and shall be in the margin of the

21   document whenever possible.

22   A Party or Non-Party that makes original documents or materials available for

23   inspection need not designate them for protection until after the inspecting Party has

24   indicated which material it would like copied and produced. During the inspection

25   and before the designation, all of the material made available for inspection shall be

26   deemed "CONFIDENTIAL." After the inspecting Party has identified the documents

27   it wants copied and produced, the Producing Party must determine which documents,

28   or portions thereof, qualify for protection under this Order.  Then, before producing

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
_Attorneys at Law_

the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Producing Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as "CONFIDENTIAL." Only those portions of the testimony that are appropriately designated as "CONFIDENTIAL" for protection within the 20 days shall be covered by the provisions of this Stipulation and its associated Protective Order.

The court reporter must affix to each such transcript page containing Protected Material the legend "CONFIDENTIAL," as instructed by the Producing Party.

(c)    for information produced in some form other than documentary, and for any other tangible items (including but not limited to information produced on disc or electronic data storage device), that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying the material as "CONFIDENTIAL."

5.3.   Inadvertent Failures to Designate.  If timely corrected (within 30 days of production or disclosure of such material), an inadvertent failure to designate

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation and its associated Order for such material.   If material is appropriately designated as "CONFIDENTIAL" *after* the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Stipulation and its associated Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**.

6.1.   Timing of Challenges.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.   Meet and Confer.  Prior to challenging a confidentiality designation, a Challenging Party shall initiate a dispute resolution process by providing written notice of each specific designation it is challenging, and describing the basis (and supporting authority or argument) for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the associated Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue, either in person, telephonically, or by other comparable means, but *not* by correspondence) within 14 days of the date of service of notice.

In conferring, the Challenging Party must explain the specific basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, within 14 days of the date of the conference of the parties, to reconsider the circumstances, and, if no change in

designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

Frivolous challenges, and those challenges made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.

6.3.   <u>Judicial Intervention</u>.   If the Parties cannot resolve a confidentiality challenge without court intervention, the Challenging Party shall file and serve a motion to remove confidentiality (under the applicable rules for filing and service of discovery motions) within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, or by the first day of trial of this matter, whichever date is earlier – unless the parties agree in writing to a longer time.

The parties must strictly comply with Central District Local Rules 37-1 and 37-2 (including the joint stipulation re discovery dispute requirement) in any motion associated with this Protective Order.  Any motion challenging a party's designation of material as Confidential Information or seeking to modify or amend the proposed protective order must be brought at a time consistent with the Court's Scheduling Order and in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party, regardless of whether the Designating Party is the moving party or whether such Party sought or opposes judicial intervention. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless

the Designating Party has waived the confidentiality designation by failing to oppose a motion to remove confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

6.4.   <u>Withdrawal of "CONFIDENTIAL" Designation</u>.   At its discretion, a Designating Party may remove Protected Material/Confidential Documents from some or all of the protections and provisions of this Stipulation and its associated Order at any time by any of the following methods:

(a)   <u>Express Written Withdrawal</u>.   A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material /Confidential Documents from some or all of the protections of this Stipulation and its associated Order by an express withdrawal in a writing signed by such Party (or such Party's Counsel, but <u>not</u> including staff of such Counsel) that specifies and itemizes the Disclosure or Discovery Material previously designated as Protected Material/Confidential Documents that shall no longer be subject to all or some of the provisions of this Stipulation and Order.   Such express withdrawal shall be effective when transmitted or served upon the Receiving Party.   If a Designating Party is withdrawing Protected Material from only some of the provisions/ protections of this Stipulation and Order, such Party must state which specific provisions are no longer to be enforced as to the specified material for which confidentiality protection hereunder is withdrawn: otherwise, such withdrawal shall be construed as a withdrawal of such material from all of the protections/provisions of this Stipulation and Order;

(b)   <u>Express Withdrawal on the Record</u>.   A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of this Stipulation and its associated Order by verbally consenting in court proceedings on the record to such withdrawal – provided that such withdrawal specifies the

Disclosure or Discovery Material previously designated as Protected Material/ Confidential Documents that shall no longer be subject to any of the provisions of this Stipulation and Order.  A Designating Party is not permitted to withdraw Protected Material from only some of the protections/provisions of this Stipulation and Order by this method;

(c)    Implicit Withdrawal by Publication or Failure to Oppose Challenge.  A Designating Party shall be construed to have withdrawn a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of this Stipulation and Order by either (1) making such Protected Material/Confidential Records part of the public record – including but not limited to attaching such as exhibits to any filing with the court without moving, prior to such filing, for the court to seal such records; or (2) failing to timely oppose a Challenging Party's motion to remove a "CONFIDENTIAL" designation to specified Protected Material/Confidential Documents.  Nothing in this Stipulation and Order shall be construed so as to require any Party to file Protected Material/Confidential Documents under seal, unless expressly specified herein.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL.**

7.1.   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for preparing, prosecuting, defending, or attempting to settle this litigation – up to and including final disposition of the above-entitled action – and not for any other purpose, including any other litigation or dispute outside the scope of this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and its associated Order.  When the above entitled litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

1   authorized under this Stipulation and its Order.

2       7.2.   Disclosure of "CONFIDENTIAL" Information or Items.   Unless

3   otherwise ordered by the Court or permitted in writing by the Designating Party, a

4   Receiving Party may disclose any information or item designated CONFIDENTIAL

5   only to:

6       (a)   the Receiving Party's Outside Counsel of record in this action, as well

7   as employees of such Counsel to whom it is reasonably necessary to disclose the

8   information for this litigation;

9       (b)   the officers, directors, and employees (including House Counsel) of the

10  Receiving Party to whom disclosure is reasonably necessary for this litigation – each

11  of whom, by accepting receipt of such Protected Material, thereby agree to be bound

12  by this Stipulation and Order;

13      (c)   Experts (as defined in this Stipulation and Order) of the Receiving Party

14  to whom disclosure is reasonably necessary for this litigation – each of whom, by

15  accepting receipt of such Protected Material, thereby agree to be bound by this

16  Stipulation and Order;

17      (d)   Professional Vendors to whom disclosure is reasonably necessary for

18  this litigation – each of whom, by accepting receipt of such Protected Material,

19  thereby agree to be bound by this Stipulation and Order;

20      (e)   during their depositions, witnesses in the action to whom disclosure is

21  reasonably necessary – each of whom, by accepting receipt of such Protected

22  Material, thereby agree to be bound by this Stipulation and Order.   Pages of

23  transcribed deposition testimony or exhibits to depositions that reveal Protected

24  Material must have a confidential designation affixed by the court reporter to such

25  pages containing Protected Material and such may not be disclosed to anyone except

26  as permitted under this Stipulation and its Protective Order.

27      (f)   the author or custodian of a document containing the information that

28  constitutes Protected Material, or other person who otherwise possessed or knew the

information.

(g)    the court and its personnel, including court reporters and their staff. Protected Material may be disclosed to the court and its personnel without requiring such persons to agree to be bound by the Stipulation and Order.

(h)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    <u>Requirement to File Confidential Documents Under Seal.</u> Confidential Documents may be submitted in all law and motion proceedings before the Court if done so under seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 and/or United States District Court, Central District of California Local Rules 79-5.1 and 79-5.2 (as applicable) and pursuant to the provisions of this Stipulation and any associated Order. If any Receiving Party attaches any Confidential Documents to any pleading, motion, or other paper to be filed, lodged, or otherwise submitted to the Court, such Confidential Document(s) shall be filed/lodged under seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 and/or United States District Court, Central District of California Local Rules 79-5.1 and 79-5.2 to the extent applicable. A Party that seeks to file under seal any Confidential Documents must comply with Civil Local Rule 79-5.  Confidential Documents may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

However, this paragraph (¶ 7.3) shall not be construed so as to prevent a Designating Party or counsel from submitting, filing, lodging, or publishing any document it has previously designated as a Confidential Document without compliance with this paragraph's requirement to do so under seal (i.e., a producing-disclosing party or counsel may submit or publish its own Confidential Documents without being in violation of the terms of this Stipulation and its Protective Order).

Furthermore, a Receiving Party shall be exempted from the requirements of this paragraph as to any specifically identified Confidential Document(s) where – prior to the submission or publication of the Confidential Document(s) at issue – the Designating Party of such specifically identified Confidential Document(s) has waived/withdrawn the protections of this Stipulation and its Order (pursuant to paragraph 6.4, supra).

A Receiving Party shall also be exempt from the sealing requirements of this paragraph (¶ 7.3) where the Confidential Documents/Protected Material at issue is/are **not** documents, records, or information regarding or incorporating:

(1) private, personal information contained in peace officer personnel files (such as social security numbers, driver's license numbers or comparable personal government identification numbers, residential addresses, compensation or pension or personal property information, credit card numbers or credit information, dates of birth, tax records and information, information related to the identity of an officer's family members or co-residents, and comparable personal information about the officer or his family);

(2) any internal affairs or comparable investigation by any law enforcement agency into alleged officer misconduct; and/or

(3) the medical records or records of psychiatric or psychological treatment of any peace officer or party to this action.

Nothing in this paragraph shall be construed to bind the Court or its authorized staff so as to limit or prevent the publication of any Confidential Documents to the jury or factfinder, at the time of trial of this matter, where the Court has deemed such Confidential Documents to be admissible into evidence.

Nothing in this Stipulation or in any associated Order shall be construed as any entitlement for the parties to file any documents or materials under seal; nor shall the parties' Stipulation or this Order be construed as any exemption from any of the requirements of Central District Local Rule 79-5. The parties are required to comply

with the applicable Local Rules in their entirety. ~~If the Court denies a party's request for filing material under seal, that material may be filed in the public record unless otherwise instructed by the Court.~~

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party, preferably (though not necessarily) by facsimile or electronic mail.  Such notification shall include a copy of the subpoena or court order at issue;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation and its Protective Order.  Such notification shall include a copy of this Stipulation and its Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by all sides in any such situation, while adhering to the terms of this Stipulation and its Order.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

The purpose of this section is to ensure that the affected Party has a meaningful opportunity to preserve its confidentiality interests in the court from which the

1  subpoena or court order issued.

**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

(a)     The terms of this Stipulation and Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulation and Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**.

10.1.  <u>Unauthorized Disclosure of Protected Material</u>.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures;

(b) use its best efforts to retrieve all copies of the Protected Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d) request such person or persons consent to be bound by the Stipulation and Order.

10.2.  <u>Inadvertent Production of Privileged or Otherwise Protected Material</u>.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**11.   PUBLICATION OF PROTECTED MATERIAL PROHIBITED**.

11.1.  <u>Filing of Protected Material</u>.

Without advance written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons, and except as permitted under paragraph 7.3, *supra*, a Receiving Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
—— *Attorneys at Law* ——

21

1  Material must comply with the applicable Federal and Local Rules.

2      11.2.  <u>Public Dissemination of Protected Material</u>.

3      A Receiving Party shall not publish, release, post, or disseminate Protected

4  Material to any persons except those specifically delineated and authorized by this

5  Stipulation and its Order (see section 7, *supra*); nor shall a Receiving Party publish,

6  release, leak, post, or disseminate Protected Material/Confidential Documents to any

7  news media, member of the press, website, or public forum (except as permitted under

8  paragraph 7.3, *supra*, regarding filings with the court in this action and under seal).

9  **12.    FINAL DISPOSITION**.

10      After the final disposition of this Action, as defined in paragraph 4, within 60

11  days of a written request by the Designating Party, each Receiving Party must return

12  all Protected Material to the Producing Party or destroy such material. As used in this

13  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

14  summaries, and any other format reproducing or capturing any of the Protected

15  Material. Whether the Protected Material is returned or destroyed, the Receiving Party

16  must submit a written certification to the Producing Party (and, if not the same person

17  or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

18  category, where appropriate) all the Protected Material that was returned or destroyed

19  and (2)affirms that the Receiving Party has not retained any copies, abstracts,

20  compilations, summaries or any other format reproducing or capturing any of the

21  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

22  archival copy of all pleadings, motion papers, trial, deposition, and hearing

23  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

24  reports, attorney work product, and consultant and expert work product, even if such

25  materials contain Protected Material. Any such archival copies that contain or

26  constitute Protected Material remain subject to this Protective Order as set forth in

27  Section 4 (DURATION).

28

**13.   MISCELLANEOUS**.

13.1.  <u>Right to Further Relief</u>.  Nothing in this Stipulation and its Order abridges the right of any person to seek its modification by the Court in the future.

13.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of a Protective Order pursuant to this Stipulation, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and its Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Stipulation and its Protective Order.

13.3.  Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

13.4.  This Stipulation may be signed in counterpart and a facsimile or electronic signature shall be as valid as an original signature.

**IT IS SO STIPULATED**.

DATED:  September 26, 2023        **MANNING & KASS**
                                  **ELLROD, RAMIREZ, TRESTER LLP**



                                  By:        /s/ *Kayleigh A. Andersen*
                                  _____
                                  Eugene P. Ramirez
                                  Kayleigh Andersen
                                  Attorneys for Defendants, COUNTY OF
                                  RIVERSIDE; YASH PATEL; JOSHUA
                                  FANUEFF; FLORIN BLAJ; KEILA
                                  MENDEZ; and JASON CORTEZ

STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

DATED:  September 26, 2023

**LAW OFFICES OF DALE K. GALIPO**

By: _____*/s/ Benjamin Levine*_____

Dale K. Galipo, Esq.
Benjamin Levine, Esq.
Attorneys for Plaintiffs

STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

1   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3   DATED:  September 27, 2023

4

5

6   _____

7   HON. KENLY KIYA KATO
    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**